ESTATE OF JOSEPH H. SCOBELL, LEOLA K. SCOBELL, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 108476.    Promulgated November 5, 1942.

*Henry S. Gottfried, Esq.*, for the petitioner.
*Lawrence R. Blumenthal, Esq.*, for the respondent.

---

* Prior to October 22, 1942, this report was approved for promulgation.

## OPINION.

Hill: The issues presented to us for decision are whether or not deductions for $5,150 paid to attorneys and $1,190 paid to employees are allowable as ordinary and necessary expenses of decedent's business.

Respondent disallowed the attorneys' fees for the reason that he claimed they were paid for political influence. This position is maintained in his brief. However, we have found as a fact that this payment was an ordinary and necessary business expense. We have also found that the amount was reasonable and that no part was paid for political influence. There is ample evidence to support the latter finding, whereas there is no evidence which would support the position of the respondent. Therefore, petitioner is entitled to a deduction for this amount in decedent's return for the period January 1 to November 3, 1939. Sec. 23 (a), Internal Revenue Code.

Sections 42 and 43 of the Internal Revenue Code place the last return of a taxpayer who dies upon the accrual basis. The income which had accrued but had not been paid to decedent was properly reported in his income tax return for that period.

The only question is whether or not petitioner is entitled to accrue as an expense the item of $1,190 paid as bonuses to the decedent's em-

ployees. We think not. Decedent determined the amount of the bonuses, but he did not actually pay them before his death. There was no legal obligation by contract, express or implied, or otherwise, upon decedent to make such bonus payments. Hence, no accrual of such payments as an expense of decedent was proper. In order for an item to be accruable as an expense all events fixing the liability must have occurred. *United States* v. *Anderson*, 269 U. S. 422. The disallowance by the respondent of this deduction is approved.

*Decision will be entered under Rule 50.*